Reid v. Simmons, et al                CV-89-152-M    07/16/97
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Gordon C. Reid

     v.                                      Civil No. 89-152-M

Officers Gary Simmons, Ronald Paul,
James Ahern, and Richard Gilman


                          **O R D E R**


     Gordon Reid has moved for sanctions against defendant Gary

Simmons on grounds that Simmons's answers to certain

interrogatories in a set numbered 56 to 101 are insufficient.  In

response, Simmons argues that the requested information is

available elsewhere in his interrogatory answers or in referenced

documents and that he does not understand which answers are

insufficient.  Thus, once again in this protracted case, the

court finds itself drawn into discovery issues that have been

previously addressed by the court and should have been resolved

by the parties.

     Reid's motion to compel answers to his "Set I"

interrogatories was granted by this court's order dated March 26,

1997.  In response to the court's order, the defendants provided

Reid with answers to interrogatories numbered 1 through 51

(propounded in 1992 to all defendants) and also provided a copy

of Simmons's previous answers to interrogatories 56 through 101

which were propounded separately.[1]  Dissatisfied with the answers

_____

     [1]  It is not entirely clear when Reid first sent Simmons
interrogatories numbered 56 through 101.  In this motion, Reid

to particular interrogatories in the set numbered 56 through 101, Reid has filed a motion for sanctions.

Reid contends that all 101 interrogatories are part of his "Set I" interrogatories subject to this court's order which, he argues, Simmons has violated by providing insufficient and incomplete answers. Due to Reid's failure to provide a copy of the disputed interrogatories with his motion to compel answers, the March 26 order does not clearly compel answers to interrogatories 56 through 101. Thus, Reid has not demonstrated that Simmons violated an order to answer interrogatories 56 through 101. So, the sanctions Reid requests, if they were justified, would be premature. See Fed. R. Civ. P. 37(b)(2).

Alternatively, Reid's motion may be construed as a motion to compel responsive answers to interrogatories numbered 56 through 101. See Fed. R. Civ. P. 37(a)(3) ("an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond"). Federal Rule of Civil Procedure 33(b)(1) requires that each interrogatory shall be answered separately and fully. The scope of permissible discovery extends to "any matter, not privileged, which is relevant to the subject

---

states that he served those interrogatories in January 1996, but he also includes a copy of his motion to compel answers which was filed on January 11, 1993, that refers to interrogatories numbered 56 through 101 to Simmons as well as interrogatories 1 through 55 to the other defendants. It seems likely that all 101 interrogatories were originally part of Reid's first set of interrogatories which were sent to defendants and the subject of successive motions to compel before summary judgment was entered in February 1993. See Reid v. State of New Hampshire, 56 F.3d 332, 339-42 (1st Cir. 1995).

matter involved in the pending action" and the "information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Thus, information sought that is relevant to Reid's remaining causes of action (state law claims for false arrest and malicious prosecution and a federal procedural due process claim for withholding exculpatory evidence) is subject to discovery.

Reid has not described the deficiency he finds in each challenged interrogatory answer, and the court's cursory review suggests that some but not all may be insufficient. For example, mere reference to a police report or a previous answer is insufficient if the context of the answer is unclear. Simmons answered interrogatories 57 through 59, which ask about communications with people concerning Misty P.'s allegations against Reid, by referring without explanation to his answer to interrogatory 17. Interrogatory 17 asks the name and address of each witness who may have any knowledge of "the alleged incident" and particularly inquires about Simmons's relationship to the witnesses. Simmons answered interrogatory 17 as follows: "Assuming the 'alleged incident' is the criminal indictment, all of those witnesses are listed in the police reports which have been provided to you previously." That answer is insufficient as to interrogatories 57 through 59.

In order to speed up the discovery process, the court orders Simmons to review his answers to interrogatories numbered 56

3

through 101 and to supplement or clarify his answers as necessary. The court has previously instructed defendants with regard to answering interrogatories. Simmons shall provide full, complete, candid, and <u>sworn</u> answers that comply in all respects with requirements of the Federal Rules of Civil Procedure. If police reports or other information or documents would provide an appropriate source for augmentation of an answer, those materials shall be <u>attached</u> to the answers and shall be referenced with sufficient specificity to locate and identify the answer. To the extent Simmons objects to any interrogatories, he shall state his appropriate objections with specificity and in accordance with the Federal Rules of Civil Procedure.

## Conclusion

For the foregoing reasons, plaintiff's motion for imposition of sanctions (document no. 212) is denied. Defendant Simmons is ordered to personally review his answers to interrogatories 56 through 101 and to provide supplementary answers as necessary to comply with the requirements of the Federal Rules of Civil Procedure and this order. Supplementary sworn answers shall be sent to plaintiff within twenty (20) days of the date of this order.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

July 16, 1997

cc:  Robert G. Whaland, Esq.
     Gordon C. Reid
     Carolyn M. Kirby, Esq.
     Ann F. Larney, Esq.